IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED OCT 0 5 2021 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Dennis Dean Smith<br>   Movant pro-se | § § § |
| V. | § Case No. 4:05-cr-00218 |
| The United States of America<br>   Respondent | § § § § |

## MOTION IN REPLY TO THE COURT'S RESPONSE

## TO THE DEFENDANTS MOTION FOR RECONSIDERATION

COMES NOW, Dennis Dean Smith jr., hereinafter to be known as Movant and files this, his Reply to the Court order No.-_____. Movant is a layman of the law, unskilled in its inner workings and complexities and as such, filing this Motion pro-se, would ask this Honorable Court to construe this Motion liberally. Haines v. Kerner, 404 U.S. 519 (1972).

Movant would further beg leave of this court to appoint counsel in this matter, which would afford Movant a knowledgeable person of law to assist him.

### STATEMENT OF THE CASE

In the Court's reply to Defendant's Compassionate Release Motion of April 15, 2021 Movant quoted "Finality is essential to the operation of our criminal justice system." Teafue v. Lana, 489 U.S. 288, 309 109 S.Ct. 1060, 103 L. Ed. 2d 334 (1984) "in the civil context, [ the Eighth Circuit] has been clear that a Motion for reconsideration serves the limited function of correcting manifest (2021 U.S. Dist. LEXIS 2) errors of law or fact...presenting newly discovered evidence.

Mr. Smith, Movant, is asking the court to correct its sentence and admit evidence that the Public Defender should have moved forward on during

his initial trial.

Paul Scott has stated in a letter that Movant submits herein "one thing I would of done differently in your case would have been to have you evaluated by a psychiatrist. Mr. Scott felt then that Mr. Smith had psychiatric issues but did not explore that avenue until after the conclusion of the appeals process.

The court must weigh the facts that the Movant is suffering from a mental disease disorder or defect which prevents him from understanding his legal position and prevents him from making rational choices among his options.

By not withstanding this finding of mental incompetency the court is not giving Mr. Smith due process. The court is obligated to provide some kind of legal or competency hearing when there is extensive psychiatric history which includes suicide attempts, evidence of anxiety, insomnia, paranoia and severe depression.

The Public Defender, Mr. Scott knew all these conditions existed and that it was apparent it was his constitutional duty to alert the court and to have a competency hearing held. Requiring an incompetent person to stand trial is a clear denial of the right to a fair trial and the right to Due Process. <u>Pate v. Robinson</u>, 383 U.S. 375, 86 S.Ct. 836 15 L. Ed 2d 815 (1966). In <u>Dusky v. United States</u>, the Supreme Court authored a test for the determination of competence and to see if a defendant was competent to stand trial.

Movant contends his constitutional rights were abridged by the Public Defender in this instant case and the courts failure to receive an adequate hearing on his competency. As the court can well see, Movant cannot take on these issues pro-se. He does not have the funds to hire a professional attorney nor does he have the legal knowledge to navigate his way through a fight where constitutuional issues are at stake.

Our 5th Amendment right to a fair trial and our 6th and 14th Amendment rights to Due Process are supposed to protect incompetent persons from

from miscarriages of justice such as this one. Mr. Smith begs leave of this court of appoint counsel. It would be in the best interest of judicial economy. A man should not sit in prison due to the incompetence of his Public Defender or because he does not know or ever will know how to navigate the legal system.

Movant would again submit, that he and the person who is helping to construct this motion are both laymen of the law, unfamiliar and unskilled in its workings and as such would again ask this court to construe this Motion liberally.

## CONCLUSION

Movant prays this court grant this Motion for appointment of counsel and his reconsideration in the matter before this court.

Respectfully submitted,

*Dennis Dean Smith*
Dennis Dean Smith
BOP #04685-030
Coleman FCI - Medium
PO Box 1032
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I Dennis Dean Smith, do hereby swear and affirm under penalty of perjury that a true and correct copy of the foregoing was sent to the clerk of the court for the U.S. district Court, Southern District of Iowa, first class postage pre-paid, on this the 27rt day of Sept 2021.

Respectfully,

*Dennis Dean Smith*
Dennis Dean Smith



F. MONTGOMERY BROWN
hskrfan@brownscott.com

PAUL D. SCOTT
pscott@brownscott.com

July 15, 2008

Mr. Dennis Smith #04685030
USP Lee
U.S. Penitentiary
P.O. Box 305
Jonesville, VA 24263-0305

SPECIAL MAIL LEGAL MAIL OPEN IN PRESENCE OF INMATE

Dear Mr. Smith:

I am writing in response to your request regarding a conversation that we had after the conclusion of your appeals. I did tell that you one thing I would have done differently in your case would have been to have you evaluated by a psychiatrist.

If I can be of further assistance please do not hesitate to contact me.

Sincerely,
BROWNSCOTT, PLC

Paul Scott

Dennis Dean Smith #04685-030
Federal Correctional Complex
F.C.I-Med
P.O. Box 1032
Coleman, FL 33521

X-RAYED & CLEARED BY U.S.M.S



CLERK, U.S District Court
U.S. Courthouse
P.O. Box 9344
Des Moines, IOWA
50306-9344